IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL JESUS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-58-WKW |
| | ) | [WO] |
| OFFICER MIKE (CPL) DOTSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| DANIEL JESUS MARTIN, #278 226, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-245-WKW |
| | ) | [WO] |
| LT. MICHAEL BRYAN, | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| DANIEL JESUS MARTIN, #278 226, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-334-WKW |
| | ) | [WO] |
| SHERIFF WALLY OLSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's motion to dismiss Defendants Olson, Bruhn, and Buggs (Doc. 68) under Federal Rule of Civil Procedure 41(a). Upon consideration of Plaintiff's motion, the court concludes that the motion is due to be granted. Furthermore, the court concludes that

Defendants Olson, Bruhn, and Buggs should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) & (a)(2).

A voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of this court, but should be granted "unless the defendant will suffer clear legal prejudice." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986).  Simple litigation costs, inconvenience to a defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *See id.*; *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).  Having carefully reviewed the file, including Defendant Buggs' response to Plaintiff's motion (Doc. 69), the court finds Defendant Buggs has failed to demonstrate clear legal prejudice, as he merely argues that his preparation of an answer to the complaint necessitates a dismissal with prejudice. Doc. 69 at 3. The court has further determined that even if Defendants Olson and Bruhn were to file a response to Plaintiff's motion to dismiss, they likewise could not demonstrate the existence of clear legal prejudice.  Consequently, the court concludes this case against Defendants Olson, Bruhn, and Buggs should be dismissed without prejudice on the motion of Plaintiff.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      Plaintiff's Motion to Dismiss Defendants Olson, Bruhn, and Buggs (Doc. 68) be GRANTED;

2.      This case against Defendants Olson, Bruhn, and Buggs be DISMISSED without prejudice;

3.      Defendants Olson, Bruhn, and Buggs be DISMISSED as parties to this action; and

4.      This case be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before October 26, 2016**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the factual findings and

legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 12th day of October, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE